1
2
3
4
5
6
7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12  **DANA FEWELL, individually and as**        Case No. 2:16-cv-01934 DSF (JEMx)
    **Successor in Interest to WELDON**
13  **PATTERSON FEWELL, deceased;**
    **NOLAN FEWELL, ividually and as**
    **Successor in Interest to WELDON**          **STIPULATED PROTECTIVE**
14  **PATTERSON FEWELL, deceased;**              **ORDER**
    **and KAREN SIFFERT, individually,**
15                                                Judge: Dale S. Fischer
                                                  Courtroom: 840
16                                    Plaintiff,
                                                  Action filed: March 21, 2016
17          **v.**                                Trial Date: Not set

18  **STATE OF CALIFORNIA;**                      Mag. Judge: John E. McDermott
    **CALIFORNIA HIGHWAY**
19  **PATROL; COUNTY OF SANTA**
    **BARBARA; OFFICER MARTIN**
20  **SANCHEZ, and individual; DEPUTY**
    **GREG SORENSON, an individual;**
21  **and DOES 1 through 10, inclusive,**

22                                    Defendants.

23

24  1.      A. PURPOSES AND LIMITATIONS

25          Discovery in this action is likely to involve production of confidential or

26  private information for which special protection from public disclosure and from

27  use for any purpose other than prosecuting this litigation may be warranted.

28  Accordingly, the parties hereby stipulate to and petition the Court to enter the

                                      1

1   following Stipulated Protective Order. The parties acknowledge that this Order does

2   not confer blanket protections on all disclosures or responses to discovery and that

3   the protection it affords from public disclosure and use extends only to the limited

4   information or items that are entitled to confidential treatment under the applicable

5   legal principles. The parties further acknowledge, as set forth in Section 12.3,

6   below, that this Stipulated Protective Order does not entitle them to file confidential

7   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

8   followed and the standards that will be applied when a party seeks permission from

9   the court to file material under seal.

10       B. GOOD CAUSE STATEMENT

11       Defendants State of California, acting by and through the California

12   Highway Patrol (State), Officer Martin Sanchez, County of Santa Barbara (County)

13   and Deputy Greg Sorenson may be producing reports obtained from the California

14   Law Enforcement Telecommunications System (CLETS), which reports are

15   generally unavailable to the public. The disclosure of this information to the public

16   may jeopardize the security of CLETS, the effectiveness of law enforcement efforts

17   that rely on CLETS, and the safety of law enforcement officers using CLETS.  In

18   addition, defendants may be producing documents concerning its confidential

19   internal policies, which documents are generally unavailable to the public. The

20   disclosure of this information may jeopardize the security of the State's and

21   County's operations, and jeopardize the safety of peace officers.  Defendants may

22   also be producing documents that contain personal and confidential information

23   regarding individuals which information is generally unavailable to the public. The

24   disclosure of this information to the public may violate those individuals' privacy

25   rights.  Defendants may also be producing video (MVARS and COBAN), audio

26   and still photo images related to the traffic stop of Weldon P. Fewell which is

27   generally unavailable to the public.  In addition, defendants may be producing

28   investigation reports which are generally unavailable to the public, the disclosure of

1   which could violate individuals' privacy rights and jeopardize the safety of officers.

2   Accordingly, to expedite the flow of information, to facilitate the prompt

3   resolution of disputes over confidentiality of discovery materials, to adequately

4   protect information the parties are entitled to keep confidential, to ensure that the

5   parties are permitted reasonable necessary uses of such material in preparation for

6   and in the conduct of trial, to address their handling at the end of the litigation, and

7   serve the ends of justice, a protective order for such information is justified in this

8   matter. It is the intent of the parties that information will not be designated as

9   confidential for tactical reasons and that nothing be so designated without a good

10   faith belief that it has been maintained in a confidential, non-public manner, and

11   there is good cause why it should not be part of the public record of this case.

12

13   2. DEFINITIONS

14   2.1 Action: *Dana Fewell, et al., v. State of California, et al.*, United States

15   District Court for the Central District of California case number 2:16-cv-01934

16   DSF (JEMx).

17   2.2 Challenging Party: a Party or Non-Party that challenges the designation

18   of information or items under this Order.

19   2.3 "CONFIDENTIAL" Information or Items: information (regardless of

20   how it is generated, stored or maintained) or tangible things that qualify for

21   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

22   the Good Cause Statement.

23   2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their

24   support staff)

25   2.5 Designating Party: a Party or Non-Party that designates information or

26   items that it produces in disclosures or in responses to discovery as

27   "CONFIDENTIAL."

28   //

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

//

4

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveals Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or

1  written communications that qualify so that other portions of the material,

2  documents items, or communications for which protection is not warranted are not

3  swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or

4  routinized designations are prohibited. Designations that are shown to be clearly

5  unjustified or that have been made for an improper purpose (e.g., to unnecessarily

6  encumber the case development process or to impose unnecessary expenses and

7  burdens on other parties) may expose the Designating Party to sanctions.

8         If it comes to a Designating Party's attention that information or items that it

9  designated for protection do not qualify for protection, that Designating Party must

10 promptly notify all other Parties that it is withdrawing the inapplicable designation.

11        5.2 Manner and Timing of Designations. Except as otherwise provided in this

12 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

13 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

14 under this Order must be clearly so designated before the material is disclosed or

15 produced.

16        Designation in conformity with this Order requires:

17        (a) for information in documentary form (e.g., paper or electronic documents,

18 but excluding transcripts of depositions or other pretrial or trial proceedings), that

19 the Producing Party affix at a minimum, the legend "CONFIDENTIAL"

20 (hereinafter "CONFIDENTIAL legend"), to each page that contains protected

21 material. If only a portion or portions of the material on a page qualifies for

22 protection, the Producing Party also must clearly identify the protected portion(s)

23 (e.g., by making appropriate markings in the margins).

24        A Party or Non-Party that makes original documents available for inspection

25 need not designate them for protection until after the inspecting Party has indicated

26 which documents it would like copied and produced. During the inspection and

27 before the designation, all of the material made available for inspection shall be

28 deemed "CONFIDENTIAL." After the inspecting Party has identified the

1  documents it wants copied and produced, the Producing Party must determine

2  which documents, or portions thereof, qualify for protection under this Order. Then,

3  before producing the specified documents, the Producing Party must affix the

4  "CONFIDENTIAL legend" to each page that contains Protected Material. If only a

5  portion or portions of the material on a page qualifies for protection, the Producing

6  Party also must clearly identify the protected portion(s) (e.g., by making

7  appropriate markings in the margins).

8      (b) for testimony given in depositions, that the Designating Party identify the

9  Disclosure or Discovery Material on the record, before the close of the deposition.

10      (c) for information produced in some form other than documentary and for

11  any tangible items, that the Producing Party affix in a prominent place on the

12  exterior of the container or containers in which the information is stored the legend

13  "CONFIDENTIAL." If only a portion or portions of the information warrants

14  protection, the Producing Party, to the extent practicable, shall identify the

15  protected portion(s).

16      5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent

17  failure to designate qualified information or items does not, standing alone, waive

18  the Designating Party's right to secure protection under this Order for such

19  material.

20      Upon timely correction of a designation, the Receiving Party must make

21  reasonable efforts to assure that the material is treated in accordance with the

22  provisions of this Order.

23

24  6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

25      6.1 Timing of Challenges. Any Party or Non-Party may challenge a

26  designation of confidentiality at any time that is consistent with the Court's

27  Scheduling Order.

28  //

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

# 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When there has been a final disposition of this Action as defined in paragraph 4, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary

to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) a witness, his or her attorneys, and other attorneys present during the witness' deposition provided the deposing party requests that the witness sign the form attached as Exhibit A hereto. Witnesses and their attorneys will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

//

//

//

//

9

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Receiving Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be

1   construed as prohibiting a Non-Party from seeking additional protections.

2        (b) In the event that a Party is required, by a valid discovery request, to

3   produce a Non-Party's confidential information in its possession, and the Party is

4   subject to an agreement with the Non-Party not to produce the Non-Party's

5   confidential information, then the Party shall: (1) promptly notify in writing the

6   Requesting Party and the Non-Party that some or all of the information requested is

7   subject to a confidentiality agreement with a Non-Party; (2) promptly provide the

8   Non-Party with a copy of the Stipulated Protective Order in this Action, the

9   relevant discovery request(s), and a reasonably specific description of the

10  information requested; and (3) make the information requested available for

11  inspection by the Non-Party, if requested.

12       (c) If the Non-Party fails to seek a protective order from this court within 14

13  days of receiving the notice and accompanying information, the Receiving Party

14  may produce the Non-Party's confidential information responsive to the discovery

15  request. If the Non-Party timely seeks a protective order, the Receiving Party shall

16  not produce any information in its possession or control that is subject to the

17  confidentiality agreement with the Non-Party before a determination by the court.

18  Absent a court order to the contrary, the Non-Party shall bear the burden and

19  expense of seeking protection in this court of its Protected Material.

20

21  10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23  Protected Material to any person or in any circumstance not authorized under this

24  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

25  writing the Designating Party of the unauthorized disclosures, (b) use its best

26  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

27  person or persons to whom unauthorized disclosures were made of all the terms of

28  this Order, and (d) request such person or persons to execute the "Acknowledgment

1    and Agreement to Be Bound" that is attached hereto as Exhibit A.

2

3    11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

4    PROTECTED MATERIAL

5        When a Producing Party gives notice to Receiving Parties that certain

6    inadvertently produced material is subject to a claim of privilege or other

7    protection, the obligations of the Receiving Parties are those set forth in Federal

8    Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

9    whatever procedure may be established in an e-discovery order that provides for

10   production without prior privilege review.

11

12   12. MISCELLANEOUS

13        12.1 Right to Further Relief. Nothing in this Order abridges the right of any

14   person to seek its modification by the Court in the future.

15        12.2 Right to Assert Other Objections. By stipulating to the entry of this

16   Protective Order no Party waives any right it otherwise would have to object to

17   disclosing or producing any information or item on any ground not addressed in

18   this Stipulated Protective Order. Similarly, no Party waives any right to object on

19   any ground to use in evidence of any of the material covered by this Protective

20   Order.

21        12.3 Filing Protected Material. A Party must seek to file under seal any

22   Protected Material in compliance with Civil Local Rule 79-5. Protected Material

23   may only be filed under seal pursuant to a court order authorizing the sealing of the

24   specific Protected Material at issue. If a Party's request to file Protected Material

25   under seal is denied by the court, then the Receiving Party may file the information

26   in the public record unless otherwise instructed by the court.

27   //

28   //

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. VIOLATION OF ORDER

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

//

//

//

//

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   Dated: _____, 2016            THE COCHRAN FIRM CALIFORNIA

3

4                                           /s/ Jennifer A. Bandlow
                                            BRIAN T. DUNN
5                                           JENNIFER A. BANDLOW
                                            *Attorneys for Plaintiffs*
6

7
    Dated: _____, 2016            KAMALA D. HARRIS
8                                           Attorney General of California
                                            JOEL A. DAVIS
9                                           Supervising Deputy Attorney General

10

11                                          /s/ Donna M. Dean
                                            DONNA M. DEAN
12                                          Deputy Attorney General
                                            *Attorneys for Defendants*
13                                          *State of California, California*
                                            *Highway Patrol, Officer Martin*
14                                          *Sanchez*

15
    Dated: _____, 2016            MICHAEL C. GHIZZONI
16                                          COUNTY COUNSEL
17

18
                                            /s/ Michael M. Youngdahl
19                                          Senior Deputy County Counsel
20                                          Attorneys for Defendants
                                            *County Of Santa Barbara and*
21                                          *Deputy Gregory Sorenson*

22

23  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

24
    Dated:  August 31, 2016
25
                                            John E. McDermott
26                                          United States Magistrate Judge
27

28

                                    14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on _____[date] in the case of *Dana*

*Fewell, et al., v. State of California, et al.*, United States District Court for the

Central District of California case number 2:16-cv-01934 DSF (JEMx). I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print

or type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.


Date: _____         _____
                                [signature]

                                _____
                                [City and State where sworn]

15